J-S37018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARKEL HOPKINS | : | |
| | : | |
| Appellant | : | No. 786 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 21, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004940-2024

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 15, 2026**

Markel Hopkins appeals from the judgment of sentence imposing four years' probation after the trial court convicted him of possessing a firearm with an altered manufacturer's number.[1] Because a video confirms an officer's testimony that there was a gun-like bulge in Hopkins' bag, we affirm.

On May 23, 2024, two police officers slowly drove an unmarked patrol car through a "very violent" Philadelphia neighborhood that was notorious for "shootings, homicides, [and] carjackings." N.T., 5/21/25, at 7. One officer looked out his window and saw Hopkins standing on the sidewalk. Hopkins "had a cross-body bag on the front of his outer garments." *Id.*

The officer "could see that there was an imprint pushed against the bag . . . which [he] believed to be a firearm." *Id.* The officer exited the car to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 6110.2(a).

approach Hopkins and investigate the imprint. His body camera recorded an image depicting the upside-down, L-shaped outline of a potential handgun in Hopkins' bag. The bulge can be seen in the screenshot below:



Commonwealth's Ex. 8 at 00:50.

The officer asked, "Do you have a gun in that bag?" N.T., 5/21/25, at 7.

Hopkins lied, "I ain't got no gun on me." *Id.* The officer grabbed the bag and felt the L-shaped bulge; it was hard, like a gun. Also, the bag was

unzipped, so the officer could look inside. He saw "narcotics packaging and a firearm in the bag." *Id.* at 8.

Hopkins fled up the sidewalk. The officer and his partner chased and apprehended Hopkins. The police then emptied the bag and found "a black Taurus G2C 9 millimeter. It was loaded with twelve rounds and had an obliterated serial number." *Id.* Hopkins' bag also contained five small Ziploc packets of cannabis.

Hopkins filed a motion to suppress the Commonwealth's evidence. He contended that his "person . . . were searched by law enforcement officers." Hopkins' Omnibus Pretrial Motion at 2. "Items were seized by the officers. The Commonwealth intends to use these items against the Defendant at his/her trial." *Id.* According to Hopkins, "This evidence was seized in violation of [his] right to be free from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States, and Article I, section 8 of the Pennsylvania Constitution, and the Pennsylvania Rules of Criminal Procedure." *Id.*

The suppression court conducted a hearing on the motion, where the investigating officer testified to the above facts. The suppression court found the officer to be credible, ruled that his interaction with Hopkins began as a mere encounter, determined that the officer acquired reasonable suspicion to frisk Hopkins' bag, and denied suppression. The matter then proceeded to a bench trial, where the court convicted Hopkins and immediately sentenced him as described above.

Hopkins did not file a post-sentence motion. Instead, he filed a timely appeal to this Court.

Hopkins raises three appellate issues, which we have reordered as follows:

1.    Whether the evidence . . . is insufficient to establish all elements of Possessing Firearm with Manufacturer Number Altered beyond a reasonable doubt?

2.    Whether the [suppression] court erred when it denied the motion to suppress on February 21, 2025?

3.    Whether the verdict of guilty on Possessing Firearm with Manufacturer Number Altered . . . was against the weight of the evidence?

Hopkins' Brief at 10.

We begin with Hopkins' sufficiency-of-the-evidence issue. "Because a successful sufficiency-of-the-evidence claim warrants discharge on the pertinent crime, we must address this issue first." *Commonwealth v. Toritto*, 67 A.3d 29, 33 (Pa. Super. 2013). Oddly, in the argument section of his brief, Hopkins attacks the evidence for two crimes that the trial court did not convict him of committing. He contends that "there is insufficient evidence to support [his] convictions for possession of firearms not to be carried without license and carrying firearms public in Philadelphia." *Id.* at 25.

Prior to trial, the Commonwealth moved *nolle prosequi* on the charges of possession of a firearm without a license, 18 Pa.C.S.A. § 6106, and carrying

a firearm on the public streets of Philadelphia, 18 Pa.C.S.A. § 6108.[2]  As mentioned above, the only crime on which the trial court convicted Hopkins was possession of a firearm with an altered manufacturer's number, 18 Pa.C.S.A. § 6110.2(a).  Thus, his argument challenging the sufficiency of the evidence on crimes for which he was not prosecuted or convicted is moot.

Further, Hopkins does not list or analyze the elements of any crime, much less explain which element(s) of possession of a firearm with an altered manufacturer's number he believes the Commonwealth failed to prove beyond a reasonable doubt.  **See** Hopkins' Brief at 24-26.  Hence, on the issue that Hopkins raised at the outset of his brief (*i.e.*, whether the evidence was legally insufficient to prove each element of the crime of possession of a firearm with an altered manufacturer's number) he presents this Court with **no argument** whatsoever.  This implicates waiver.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary."  **Trigg v. Children's Hospital of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020).

For non-subject-matter-jurisdictional issues, appellants must present us with fully developed legal arguments.  "The failure to develop an adequate

---

[2] Notably, intermediate appellate courts have recently declared both statutes unconstitutional.  **See Lara v. Commissioner Pennsylvania State Police**, 125 F.4th 428, 430 (3d Cir. 2025), *reargument denied* (2025), *cert. pending* (U.S. 2025) (holding that 18 Pa.C.S.A. § 6106 violates the Second Amendment to the Constitution of the United States); **Commonwealth v. Sumpter**, 340 A.3d 977, 980 (Pa. Super. 2025), *reargument denied* (2025) (holding that 18 Pa.C.S.A. § 6108 violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States).

argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1249 (Pa. Super. 2015). Rule 2119 dictates, "The argument shall be divided into as many parts as there are questions to be argued; and . . . [have] discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

When presenting a sufficiency-of-the-evidence claim to challenge a conviction for a specific crime, the most pertinent authority is the language and elements of the statute under which the appellant stands convicted. In addition, the appellant should include case law from the Supreme Court of Pennsylvania and this Court that has interpreted and applied that statute in the context of previous sufficiency appeals. Here, Hopkins provided us with neither. Therefore, his sufficiency argument is woefully underdeveloped.

"When an appellant's argument is underdeveloped, we may not supply [him] with a better one." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884 (Pa. Super. 2019), *appeal denied* (Pa. 2019). Doing so would necessitate that we act as Hopkins' appellate counsel and his adjudicators. "[W]e will not act as . . . appellate counsel." ***Freeman***, 128 A.3d at 1249. Instead, we dismiss Hopkins' sufficiency-of-the-evidence claim as waived.

Next, he contends that the suppression court erroneously denied his motion to suppress the handgun that the officers discovered in his cross-body bag. Hopkins' argument for this claim rests upon the factual premise that the investigating officer testified falsely at the suppression hearing. He argues, like he argued to the suppression court following the hearing, that the video

from the officer's body camera disproves the officer's testimony that there was an outline of a handgun on Hopkins' bag.

Hopkins asserts that "[t]he body-cam video of [Commonwealth's Exhibit 8] fails to disclose an imprint of a gun." Hopkins' Brief at 17. From this factual premise, he argues that the officer lacked reasonable suspicion to feel his bag or look inside it. Hopkins therefore thinks that the handgun must be suppressed as the fruit of a constitutionally impermissible search of his bag and seizure of his person.

When reviewing an order denying suppression of the Commonwealth's evidence, we must decide "whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Boyd*, 296 A.3d 1270, 1274 (Pa. Super. 2023). "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Id.* If the record supports the suppression court's factual findings, "we are bound by these findings . . . ." *Id.*

Here, Hopkins challenges the suppression court's factual finding that the officer saw a bulge on the front of the Hopkins' cross-body bag. The record supports that factual finding.

The indisputable video evidence for the officer's body camera clearly disproves the factual premise of Hopkins' argument. Instead, the video proves

that the suppression court's factual finding was correct. As the screenshot from Commonwealth's Exhibit 8 at 00:50, **supra**, reveals, there was a hand-gun-like, L-shaped bulge on the front side of Hopkins bag. Hence, the factual premise of Hopkins' argument is wrong, and we dismiss his second appellate issue as meritless.

Finally, Hopkins challenges the weight of the evidence to convict him of possession of a firearm with an altered manufacturer's number. However, he raises this issue for the first time on appeal. Hopkins did not raise a weight-of-the-evidence claim prior to sentencing or in a post-sentence motion.

Generally speaking, "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Unlike a sufficiency claim, the weight of the evidence may not be raised for the first time on appeal. "A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). Therefore, a weight-of-the-evidence claim "must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." **Commonwealth v. Kramer**, ___ A.3d ____, _____, Slip Opinion at 14-15 (Pa. Super. 2025) (quoting **Commonwealth v. Rivera**, 238 A.3d 482, 497 (Pa. Super. 2020)) (some punctuation omitted).

In short, Hopkins did not raise this issue in the trial court in order to preserve it for appeal. Hopkins' third and final appellate issue is dismissed as waived.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026